# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANTHONY L. MORRIS,

            Petitioner,     :     Case No. 1:18-cv-101

  - vs -                    District Judge Susan J. Dlott
                                  Magistrate Judge Michael R. Merz

THOMAS SCHWEITZER, Warden,
    Lebanon Correctional Institution,

                                :

            Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Anthony L. Morris. It is ripe for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 6), the Return of Writ (ECF No. 7), and Petitioner's Reply (ECF No. 10). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the workload in the District (ECF No. 11). Ultimate decision of the case remains with District Judge Dlott.

**Litigation History**

A Hamilton County grand jury indicted Morris on June 25, 2014, on four counts of kidnapping, two counts of aggravated robbery, and one count of felonious assault (Indictment, State Court Record, ECF No. 6, Ex. 1, PageID 54-58). A trial jury found him guilty on all counts. *Id.* at Ex. 6, PageID 69-75. The trial court merged the kidnapping counts for each victim and imposed an aggregated sentence of twenty-four years. *Id.* at Ex. 7, PageID 76. Morris appealed

1

*pro se* to the Ohio First District Court of Appeals. That court vacated the conviction for aggravated robbery involving the harm to Camber Lawson, but otherwise affirmed. *State v. Morris,* 1st Dist. Hamilton No. C-150421, 2016-Ohio-5490 (Aug. 24, 2016), appellate jurisdiction declined, 147 Ohio St. 3d 1508 (2017).

Morris then filed his habeas corpus Petition in this Court, pleading the following grounds for relief:

> **GROUND ONE:**
>
> **Supporting Facts:** Insufficient evidence to convict Due process violation 5th and 14th Amendment, by testimony from Ms. Lawson. She wasn't forced from the car by deception or any other case and was not held against her will.
>
> **GROUND TWO:**
>
> **Supporting Facts:** Ms. Lawson testified that she wasn't touched or threatened, and jumped on her own due to the influence of being on drugs.
>
> **GROUND THREE:**
>
> **Supporting Facts:** Ineffective counsel – failing to move for dismissal of kidnapping charges also the aggravated robbery and felonious assault on Ms. Lawson, also to have all charges merged.
>
> **GROUND FOUR:**
>
> **Supporting Facts:** The aggravated robbery against Ms. Lawson with her own testimony nothing was taken from her or her person.

(Petition, ECF No. 1, PageID 5, 6, 8, 9.)

# Analysis

**Grounds One and Two: Insufficient Evidence as to Victim Lawson**

In his First and Second Grounds for Relief, Morris claims there was insufficient evidence to convict him of crimes against Camber Lawson. He raised this as his First Assignment of Error on direct appeal and the First District decided it as follows:

> **II. Sufficiency of the Evidence**
>
> {¶ 5} In his first assignment of error, Mr. Morris argues that three of his convictions were not supported by sufficient evidence. He claims that the conviction for kidnapping Lawson fails because the state did not show that he had removed Lawson from the car by force or deception. He also challenges the sufficiency of the evidence of felonious assault because the state failed to show he caused Lawson serious physical harm. Finally, he contends he could not be convicted of one of the counts of aggravated robbery because the state did not prove he had inflicted serious physical harm on Lawson. We consider each conviction in turn.
>
> **A. Kidnapping**
>
> {¶ 6} To convict Morris of kidnapping Lawson, the state was required to show that he removed or restrained her by force, threat or deception for the purpose of committing a felony. *See* R.C. 2905.01(A)(2). Mr. Morris insists the kidnapping conviction charged in count one of the indictment was insufficient because the state failed to prove he removed Lawson from the car by force or deception. Indeed, Ms. Lawson testified that she willingly got out of the car and went into the house.
>
> {¶ 7} If the offense had stopped when Lawson followed Morris and Gates into the apartment, he would have a strong argument that the evidence was insufficient to establish the force or deception element

required by the kidnapping statute. But it didn't stop there. Once Lawson was inside the apartment, Mr. Morris restrained her on the second floor. A victim is restrained when her freedom of movement is limited in any fashion for any period of time. *State v. Grant*, 1st Dist. Hamilton No. C-971001, 2001 Ohio App. LEXIS 1388, *32 (March 23, 2001). "[M]erely compelling a victim to stay where he is constitutes restraint." *Id.* at *32-33. Mr. Gates testified that once they were in the upstairs bedroom, Morris ordered them to sit on the couch. Ms. Lawson testified that after they sat down Morris locked the apartment door. He then used a knife to threaten and assault Gates as Lawson sat nearby on the couch. Mr. Gates stated that Morris warned them not to leave, and that the other two men in the house told them to listen to Morris because he was "crazy." Ms. Lawson explained that she was afraid and felt that her life was threatened. This evidence was sufficient to establish Morris restrained Lawson by force or threat.

### B. Felonious Assault

{¶ 8} Mr. Morris also claims that the evidence was insufficient to support his felonious-assault conviction. The state was required to prove that Morris knowingly caused serious physical harm to Lawson. *See* R.C. 2903.11(A)(1). As Morris sees it, the state could not prove he "knowingly caused" Lawson's injuries because they resulted from her voluntary decision to jump off of the balcony.

{¶ 9} Knowingly, as differentiated from purposely, does not require the offender to have the specific intent to cause a certain result. R.C. 2901.22(A) and (B); *see State v. Dixon*, 8th Dist. Cuyahoga No. 82951, 2004-Ohio-2406, ¶ 16. A person acts knowingly when, regardless of purpose, "the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). An accused is presumed to intend the natural, reasonable and probable consequences of his voluntary acts. *State v. Johnson*, 56 Ohio St.2d 35, 39, 381 N.E.2d 637 (1978).

{¶ 10} Both Mr. Gates and Ms. Lawson testified that Morris held a knife to Gates's throat and demanded money. They were warned not to leave, which was reinforced by the other two men in the house. When she saw Gates jump off of the balcony, Ms. Lawson tried to think of what to do. She was scared and did not want to be in the apartment anymore, so she jumped off of the balcony after Gates. Ohio courts have found an effort to escape to be a ""natural

consequence" of being held hostage. *State v. Bromley*, 9th Dist. Lorain Nos. 93CA005738 and 93CA005739, 1994 Ohio App. LEXIS 2707 (June 22, 1994); *State v. Jarvis*, 9th Dist. Lorain No. 14CA010667, 2015-Ohio-4219, ¶ 16; *see State v. Jackson*, 8th Dist. Cuyahoga No. 80879, 2002-Ohio-5851, ¶ 60 ("one consequence of holding an individual at gunpoint is escape"). Ms. Lawson feared for her life. It was perfectly reasonable for her to try to escape her captor after being threatened with a deadly weapon and future violence. Because Lawson's injuries were sustained while attempting to escape, we find that the state adduced sufficient evidence that Morris knowingly caused her serious physical harm in order to sustain the felonious-assault conviction.

**C. Aggravated Robbery**

{¶ 11} Mr. Morris again focuses on Lawson's voluntary jump from the balcony in his challenge to the aggravated-robbery count involving her injury. To find Morris guilty of aggravated robbery, the state needed to show that Morris recklessly inflicted or attempted to inflict serious physical harm on Lawson while committing or attempting to commit a theft offense. *See* R.C. 2911.01(A)(3) and 2901.21(C)(1). Mr. Morris argues that the evidence was insufficient to sustain his conviction for the aggravated robbery involving the harm to Lawson because the state failed to show that he "inflicted" the harm that was occasioned by her jump from the balcony. We agree.

{¶ 12} "Inflict" is not defined in the Ohio Revised Code, so we apply its plain and ordinary meaning. *See Chari v. Vore*, 91 Ohio St.3d 323, 327, 2001 Ohio 49, 744 N.E.2d 763 (2001); R.C. 1.42. "Inflict" means "to give by[,] or as if by[,] striking." Merriam-Webster Online, available at http://www.merriam-webster.com/dictionary/inflict?utm_campaign=sd&utm_medium=serp&utm_source=jsonld (accessed August 4, 2016). The legislature's use of the word "inflict," instead of "cause," indicates that something more than but-for causation is required to prove the harm element of aggravated robbery under R.C. 2911.01(A)(3). The word "inflict" "implies some direct action by one person upon another." *State v. Bates*, 10th Dist. Franklin No. 97APA02-171, 1997 Ohio App. LEXIS 5411, *12 (Dec. 2, 1997); *see State v. Laurence*, 3d Dist. Crawford No. 3-14-05, 2015-Ohio-1891, ¶ 28.

{¶ 13} Thus, in *Bates*, the Tenth Appellate District concluded that the evidence was insufficient to support an aggravated-robbery conviction where the injury (a severe laceration to the victim's arm)

> resulted from the victim punching at the defendant through a broken window. *Bates* at *14. The court reasoned that the victim's injury was caused indirectly by the defendant as opposed to any direct action of the defendant upon the victim. *Id.*
>
> **{¶ 14}** Likewise, we conclude that Lawson's injuries were not caused by any direct action on the part of Morris. Rather, they happened indirectly as a result of her jump. When considering a sufficiency claim, we must determine, after viewing the evidence in the light most favorable to the state, whether a rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. We find the state did not present sufficient evidence that Morris inflicted harm on Lawson. Morris's first assignment of error is sustained as to the aggravated-robbery conviction charged in count six of the indictment and overruled in all other respects.

*State v. Morris*, 2016-Ohio-5490.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990) (en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319 (emphasis in original); accord: *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).

This rule was recognized in Ohio law in at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam); *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008). Notably, "a court may sustain a

conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012) (per curiam); accord *Parker v. Matthews*, 567 U.S. at 43.

Here, the First District Court of Appeals accepted Morris's claim that he was not proven to be guilty of aggravated robbery from Ms. Lawson. He is therefore not in custody on that conviction and it is not subject to further review in this Court, e.g., by changing the basis of the dismissal.

Regarding the kidnapping conviction, the First District found there were facts – locking the door, brandishing a large knife, telling Lawson not to leave – that were sufficient under Ohio law to constitute kidnapping. This Court is bound by the First District's determination about what facts are sufficient to constitute kidnapping under Ohio law. *Bradshaw v. Richey*, 546 U.S. 74 (2005) (per curiam). From the court's recitation of the testimony, set forth *supra*, the Magistrate Judge finds its determination that those facts existed was not an unreasonable determination.

The focus of Morris's argument appears to be on the felonious assault, to wit, his claim that Lawson jumped either completely voluntarily or because she was under the influence of

heroin. The gravamen of the First District's decision on this issue is that Morris acted toward Lawson and Gates in ways that would have led a reasonable man or woman to look for ways to escape and Lawson's jump from the balcony was thus a natural consequence of holding her captive. 2016-Ohio-5490, at ¶¶ 8-10. As with the kidnapping conviction, this Court must accept what the First District says as the law of Ohio and that court recites sufficient facts to make its determination reasonable under Ohio law. Morris's claim in his Reply that Ohio law is different from what the First District found (ECF No. 10, PageID 561) is not material – this Court is bound by the version of Ohio law accepted by the First District. *Bradshaw, supra*.

**Ground Three: Ineffective Assistance of Trial Counsel for Failure to Move for Merger**

In his Third Ground for Relief, Morris claims he received ineffective assistance of trial counsel when his attorney did not move to merge all the charges. He also faults his attorney for "failing to move for dismissal of kidnapping charges also the aggravated robbery and felonious assault on Ms. Lawson." (Petition, ECF No. 1, PageID 8). The First District did not find the insufficiency of evidence claims as to Lawson as a victim had been procedurally defaulted by failure to make a motion to dismiss. It considered those claims on the merits and disposed of them as set forth above. *Morris*, 2016-Ohio-5490, at ¶¶ 5-14. If, therefore, it was deficient performance for his attorney not to make the motion to dismiss[1], he was not prejudiced by it.

With respect to merger, Morris raised a question of merger of the aggravated robbery and kidnapping charges with Gates as the victim as his second assignment of error on appeal and the

---

[1] When Morris says "motion to dismiss," the Magistrate Judge understands him to mean a motion for acquittal under Ohio R. Crim. P. 29.

First District decided it as follows:

### III. Merger

{¶ 15} In his second assignment of error, Mr. Morris argues that the trial court erred when it failed to merge the count for kidnapping Gates with the count for aggravated-robbery with a deadly weapon. Because he did not object below, Mr. Morris waived all but plain error. *See* Crim.R. 52(B).

{¶ 16} Under R.C. 2941.25(B), a defendant may be convicted of multiple offenses arising from the same conduct if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus. *State v. Ruff*, 143 Ohio St. 3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus.

{¶ 17} Commission of an aggravated robbery necessarily involves at least a brief restraint of the victim. *State v. Jenkins*, 15 Ohio St.3d 164, 198, 15 Ohio B. 311, 473 N.E.2d 264 (1984), fn. 29 (a kidnapping is implicit within every aggravated robbery); *State v. Chaffer*, 1st Dist. Hamilton No. C-090602, 2010-Ohio-4471, ¶ 11. The Ohio Supreme Court has recognized that the primary question when determining whether kidnapping merges with another offense "is whether the restraint or movement of the victim is merely incidental to a separate underlying crime or, instead, whether it has a significance independent of the other offense." *State v. Logan*, 60 Ohio St.2d 126, 135, 397 N.E.2d 1345 (1979). "Thus, when a kidnapping is committed during another crime, there exists no separate animus where the restraint or movement of the victim is merely incidental to the underlying crime." *Grant*, 1st Dist. Hamilton No. C-971001, 2001 Ohio App. LEXIS 1388 at *16. But where the restraint is prolonged, the confinement is secretive or the movement is substantial, the kidnapping and aggravated robbery are committed with a separate animus. *Id.*

{¶ 18} Here, the restraint of Gates was prolonged. Mr. Morris persuaded Gates to follow him from the grocery store to carry out a drug deal. He then ordered Gates out of his car, up the stairs and into the house at knifepoint. After keeping Gates in the house, Mr. Morris held a knife to Gates's throat demanding money. He further restrained Gates with the threat of violence before leaving with Gates's keys. Mr. Morris detained Gates far longer than the time necessary to complete the aggravated robbery. We find Morris's prolonged restraint of Gates, both before and after retrieving the

> keys from Gates's pocket, demonstrates a separate animus for the
> kidnapping offense. *See State v. Houston*, 1st Dist. Hamilton No. C-
> 130429, 2014-Ohio-3111, ¶ 22-23. Mr. Morris's second assignment
> of error is overruled.

*State v. Morris,* 2016-Ohio-5490. Although the First District reviewed this assignment of error under a plain error standard, it did not indicate the claim would have had merit had it been raised in the trial court. In other words, Morris's attorney's failure to object was not held against him in the court of appeals. Thus, there was no prejudice from the failure to make the objection. The First District made this same point in overruling Morris's third assignment of error. *Morris*, 2016-Ohio-5490, at ¶ 19.

Morris has not suggested any basis on which any other counts of the Indictment could have been merged; nor did he make any such argument to the First District. Ground Three should therefore be dismissed.

**Ground Four: Insufficient Evidence of the Robbery of Ms. Lawson**

In his Fourth Ground for Relief, Morris complains that there was not sufficient evidence to convict him of aggravated robbery of Ms. Lawson. The First District agreed and vacated this conviction. *Morris*, 2016-Ohio-5490, at ¶ 1. Since Morris is not in custody any longer on that conviction, this Court cannot review it in habeas corpus.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 19, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).